UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YUJUAN BANKS, | ) | No. LACV 11-4912-JAK(CW) |
| Petitioner, | ) ) | ORDER DENYING MOTION FOR EXTENSION OF TIME |
| v. | ) ) | AND DISMISSING ACTION WITHOUT PREJUDICE |
| STATE OF CALIFORNIA, | ) ) | |
| Respondent. | ) | |

The pro se petitioner is a prisoner in the custody of the State of California. Although he presumably intends to challenge the legality of that custody in a habeas corpus action in federal court, he has not opened the present action by filing a petition for writ of habeas corpus or application for habeas corpus relief. Instead, petitioner opened this action by filing a motion for extension of time within which to file a habeas petition. [Docket no. 1, filed June 8, 2011.] For the reasons discussed here, petitioner's request should be denied and this action dismissed without prejudice.

Petitioner's request cannot be construed as a petition for application for a writ of habeas corpus because it does not "allege the facts concerning the applicant's commitment or detention" as required by 28 U.S.C. § 2242. Furthermore, the motion does not clearly identify the court in which he was convicted or sentenced, the grounds on which he seeks habeas corpus relief, or the nature of the relief sought. See Rule 2(c), 28 U.S.C. foll. § 2254; see also 28 U.S.C. §§ 2241, 2254.

Thus, on its face, the filing is not a proper pleading. See Woodford v. Garceau, 538 U.S. 202, 207-08 (2003)(just as civil actions in general begin with the filing of a complaint, a habeas action begins with the filing of an application for habeas corpus relief); see also Fed. R. Civ. P. Rule 3 (civil action commenced by filing complaint) and Rule 81(a)(4)(rules of civil procedure may apply in habeas actions); Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 11 (same), Rule 1 (scope of habeas rules), and Rule 2 (required form for habeas petitions); Local Civil Rules, Central District of California, Rule 83-16 (petition for writ of habeas corpus shall be filed on court forms).

There is no pending deadline set for petitioner by this court for which the court could grant petitioner an extension. The "deadline" for filing a habeas petition in federal court is not set by this court, but by statute and case law. Thus, for example, the timeliness of a habeas petition under 28 U.S.C. § 2254 (challenging legality of custody under a state court judgment) is determined according to the statute of limitations at 28 U.S.C. § 2244(d).

Here, petitioner is in effect asking the court to decide,

hypothetically and without the presence of any adverse party, whether a petition filed at a later time would be time-barred under the statute of limitations, and to stay proceedings until that later time. Even if this court had the information necessary to make such a determination, it would not have the jurisdiction to do so. Under the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, the federal courts may not issue advisory opinions or decide hypothetical issues. See, e.g., Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998)(no "case or controversy' where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions). In particular, "[a] federal court lacks jurisdiction to consider the timeliness of a habeas petition unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III of the Constitution." Soto v. Warden, No. CV 09-2377-AHM(JC), 2009 WL 1705471, at *1 (C.D. Cal. June 16, 2009)(citing, inter alia, Ford v. Warden, No. CV 08-4304-CAS(E), 2008 WL 2676842 (C.D. Cal. July 7, 2008)).

If and when Petitioner files a proper habeas petition in an appropriate court, that court will, if necessary, determine whether the petition is timely, and whether Petitioner may be entitled to any form of tolling of the statute of limitations. However, this court cannot grant the relief petitioner apparently seeks in the present action by issuing an advisory opinion and staying proceedings in an action which does not raise any claims within the subject-matter jurisdiction of this court.

It is, therefore **ORDERED** as follows:

3

1. Petitioner's motion for extension of time (docket no. 1, filed June 8, 2011) is **DENIED**.

2. This action is **DISMISSED** without prejudice to the later filing of a habeas petition as a new action in the proper court.

3. Judgment shall be entered accordingly.

4. The clerk shall serve this Order and the Judgment herein on Petitioner at his address of record.

DATED: June 16, 2011

JOHN A. KRONSTADT
United States District Judge

Presented by:

Dated: June 13, 2011

CARLA M. WOEHRLE
United States Magistrate Judge